UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN TORDINI,**<br>*Individually and Derivatively*<br>*On behalf of Our Turn LLC,*<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT N. COYLE, et.al.,**<br><br>Defendants. | C.A. No. 02-2653<br>**JURY TRIAL DEMANDED** |

## O R D E R

**AND NOW,** this _____ day of June 2002, upon consideration of the Plaintiff's Motion for a Protective Order and to Quash the Coyle Family Defendants' Subpoena upon James W. McStravick, a non-testimonial forensic financial employee of Plaintiff's law firm, it is hereby **ORDERED, ADJUDGED** and **DECREED** that the Plaintiff's Motion is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff is entitled to reimbursement of his attorneys' fees and costs incurred in researching, preparing and filing this Motion for a Protective Order and to Quash Defendants' Subpoena ("Motion"); accordingly, within five (5) days of the entry this Order, Plaintiff shall file a bill of attorneys' fees and costs incurred in preparing and filing the Motion; and Defendants shall file any objections to the bill of attorneys' fees and costs within five (5) days thereafter.

_____
KATZ, S. J.
UNITED STATES DISTRICT COURT

mak: 52309.1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN TORDINI,**<br>*Individually and Derivatively*<br>*On behalf of Our Turn LLC*,<br><br>                       Plaintiff,<br><br>          v.<br><br>**ROBERT N. COYLE, et.al.,**<br><br>                      Defendants. | C.A. No. 02-2653<br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND TO QUASH A SUBPOENA UPON HIS LAW FIRM'S EMPLOYEE, JAMES W. MCSTRAVICK**

In their very first discovery request, the Coyle Family Defendants[1] improperly subpoenaed the work-product testimony and documents of James W. McStravick, an employee of Elliott Reihner Siedzikowski & Egan, P.C. ("ERSE"), Plaintiff's counsel in this case. See Exhibit "A." Mr. McStravick has been involved in ERSE's forensic financial analyses of the Coyle Family Defendants ongoing Ponzi scheme and their financial advisors, Defendants Bruce Bryen, and Bryen and Bryen, and has substantial work product information. Defendants' subpoena specifically and improperly seeks to invade Plaintiff's counsel's work product by requiring ERSE's employee Mr. McStravick to produce, inter alia, "[a]ll work papers, calculations and other documents referring, relating or pertaining to the allegations set forth in the Complaint filed in this matter". See Exhibit "A".

---

[1] The Coyle Family Defendants and their alter ego shell companies issued this harassing and legally defective subpoena. The same law firm represents all of the Coyle Family Defendants.

mak: 52309.1

When requested to withdraw their improper subpoena pursuant to Local Rule 26.1(f), the Coyle Family Defendants refused and offered no legally cognizable reason why their first discovery request in this case was improperly directed to this ERSE employee. See Exhibits "B" and "C". As there is no legally cognizable reason under Fed. R. Civ. P. 26(b)(3) and 26(b)(4)(B) and controlling case law for the Coyle Family Defendants to intrude upon ERSE's work product and attorney – client information, including its financial analyses and trial strategies. Accordingly, Plaintiff seeks the reimbursement of attorneys' fees and expenses incurred in filing this said Motion.

**WHEREFORE**, for all of the foregoing reasons, as well as the reasons set forth in the accompanying Memorandum incorporated herein, Plaintiff respectfully moves for a Protective Order, quashing this subpoena, and for reimbursement of the attorneys' fees and costs incurred in preparing and filing said Motion.

Respectfully submitted,

OF COUNSEL:
ELLIOTT REIHNER SIEDZIKOWSKI
  & EGAN, P.C.

/s/ John M. Elliott
JOHN M. ELLIOTT
MARK A. KEARNEY
THOMAS N. SWEENEY
ROGER J. HARRINGTON, JR.
Union Meeting Corporate Center V
925 Harvest Drive, Suite 300
Blue Bell, PA  19422
(215) 977-1000

DATE:  June 24, 2002                Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN TORDINI,**<br>*Individually and Derivatively*<br>*On behalf of Our Turn LLC*,<br><br>      Plaintiff,<br><br> v.<br><br>**ROBERT N. COYLE, et.al.,**<br><br>      Defendants. | C.A. No. 02-2653<br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR
A PROTECTIVE ORDER AND TO QUASH A DEFENDANTS' IMPROPER
<u>SUBPOENA TO JAMES W. MCSTRAVICK</u>**

**A.** <u>**Background**</u>

Plaintiff John Tordini's instant complaint seeks compensatory and punitive damages, and equitable relief, individually and derivatively on behalf of Our Turn LLC ("Our Turn"), where he is a twenty-five percent (25%) owner, including damages arising from the fraudulent inducement of his purchase of securities in Our Turn, and the systematic destruction of Our Turn by the ongoing Ponzi scheme and the fraudulent financial misconduct of the Coyle Family Defendants, and Defendants Bruce Bryen, and Bryen and Bryen.

After this Court issued its May 6, May 28, and June 4, 2002 Orders establishing the timing and scope of discovery, the <u>first</u> <u>discovery</u> issued by the Coyle Family Defendants was a subpoena improperly and harassingly issued to James W. McStravick, an employee of Plaintiff's counsel, Elliott Reihner Siedzikowski & Egan, P.C. ("ERSE"), seeking his testimony and

mak: 52309.1

production of documents in the District of New Jersey relating to his forensic financial analysis of Defendants' misconduct. <u>See</u> Exhibit "A".

Mr. McStravick is an <u>ERSE employee</u>, who working with ERSE's attorneys, developed work product and forensic financial analysis of Defendants' misconduct. The Coyle Family Defendants do not attempt to, and cannot, justify their legally impermissible violations of Federal Rule of Civil Procedure 26(b) ("FRCP"). When Plaintiff's counsel requested, pursuant to Local Rule 26.1(f), that Defendants withdraw this improper subpoena upon Mr. McStravick, the Coyle Family Defendants' counsel refused to do so, thereby causing Plaintiff to incur the cost of opposing Defendants' improper subpoena. <u>See</u> Exhibits "B" and "C." In light of the overwhelming legal authority prohibiting Defendants from impermissibly deposing, and obtaining Plaintiff's counsel's work product and attorney-client information from ERSE employee Mr. McStravick, Plaintiff Tordini seeks the reimbursement of his legal fees and costs incurred in the preparing and filing of this Motion.

**B.      The Coyle Family Defendants Cannot Intrude Upon ERSE's Work Product and Attorney-Client Information.**

The United States Supreme Court's <u>Hickman v. Taylor</u>, 329 US 495 (1947) opinion and FRCP 26(b) preclude the Coyle Family Defendants from discovery of the facts known, documents created, and opinions held by Mr. McStravick concerning ERSE's on-going financial forensic analysis of Defendants' misconduct. The Coyle Family Defendants' subpoena of Mr. McStravick is an impermissible and blatant intrusion into well-established attorney-client/work product privileges and the FRCP. Defendants' misconduct violates well-established U.S. Supreme Court and Third Circuit precedent protecting disclosure of the work product of an attorney and his agent. <u>Hickman</u>, 329 U.S. at 511; <u>United States v. Nobles</u>, 422 U.S. 225, 238-39 (1975)("One of those realities is that attorneys often must rely on the assistance of

investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself."); Sporck v. Peil, 759 F.2d 312, 315 (3d Cir.), cert. denied, 474 U.S. 903 (1985).

To permit Defendants' discovery of Mr. McStravick's mental impressions and analyses has a chilling effect on lawyers relying on the expertise of employees in preparing cases for litigation. See e.g., Hickman, 329 U.S. at 511. This would inappropriately convert Plaintiff's Counsel's employee Mr. McStravick "from advocate to witness". United States v. Amerada Hess Corp., 619 F.2d 980, 987 (3d Cir. 1980). Here, there is no dispute that Mr. McStravick is an employee of ERSE. As part of his employment responsibilities, he is working with ERSE attorneys to prepare this case for discovery and trial.

FRCP 26(b)(3) clearly prohibits the discovery of mental impressions, analyses and documents that are:

> prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, ***consultant, surety, indemnitor, insurer or agent).***

(emphasis added).

Courts have routinely held that complex financial/banking analysis conducted by experts retained in anticipation of litigation is protected under the work product privilege and the Federal Rules of Civil Procedure. See Vanguard Savings and Loan v. Banks, 1995 U.S. Dist. LEXIS 2016, * 7-8 (E.D. Pa. Feb. 21, 1995); Canel v. Lincoln Nat'l Bank, 179 F.R.D. 224, 227-228 (N.D. Ill. 1998). In Canel, the court prohibited discovery of an financial expert analysis of the underlying litigation because the, "Subject matter that relates to the preparation, strategy, and

3

appraisal of the strengths and weaknesses of an action . . . is protected regardless of the discovery method employed." Canel, 179 F.R.D. at 228 (ellipsis in original)(internal citations omitted).

FRCP 26(b)(4)(B) provides in pertinent part:

> A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial . . . ***only upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.***

F.R.Civ.P. 26(b)(4)(B)(emphasis added).

Plaintiff retained ERSE in anticipation of litigation. Plaintiff will not call Mr. McStravick as a trial witness; and the Coyle Family Defendants cannot prove that exceptional circumstances compel his discovery. See Vanguard Savings & Loan Association, 1995 U.S. Dist. LEXIS 2016, *7 (citing Roesberg v. Johns-Manville, 85 F.R.D. 292 (E.D. Pa. 1980)); see also, Zipes v. Abraham, 1992 U.S. Dist. LEXIS 16427 (E.D. Pa Oct. 26, 1992).

The Coyle Family Defendants have not met their "heavy" burden of proving the exceptional circumstances that they lack the ability to discover equivalent information by other means. Vanguard Savings & Loan Association, supra at *9 (citing Hartford Fire Insurance v. Pure Air on the Lake, Ltd., 154 F.R.D. 202 (N.D. Ind. 1993)). Here, the Coyle Family Defendants can discover information equivalent to that held by Mr. McStravick by analyzing their own bank records and financial information, and by analyzing public records.

Accordingly, there is no basis for the deposition of, and the production of records by, Mr. McStravick.

4

**C.     Plaintiff Is Entitled To Reimbursement Of His Fees And Costs Incurred In Preparing And Filing This Motion.**

In accordance with Local Rule 26.1(f), and the FRCP, on June 5, 2002, Plaintiff's counsel requested the Coyle Family Defendants to withdraw their improper subpoena to Mr. McStravick.  See Exhibit "B."  The Coyle Family Defendants' counsel precipitously refused to withdraw said subpoena.  They have failed to provide any basis for their harassing and improper subpoena, and have failed to provide any good cause or exceptional circumstances to depose a non-testimonial forensic financial employee of Plaintiff's law firm.  Defendants are blatantly, improperly, and harassingly intruding upon Plaintiff's counsel's work product, and confidential attorney – client information.

Confronted with the Coyle Family Defendants' intransigence, Plaintiff's counsel was compelled to prepare and file the instant Motion for Protective Order and to Quash the Subpoena upon Mr. McStravick.

Regrettably, this is the third time that Plaintiff has been forced to incur fees and costs to call Defendants' improper motions to the Court's scrutiny.  This Court's May 6, May 28 and June 4, 2002 Orders have already addressed the timing and scope of discovery under the FRCP.  In light of the Court's Orders and Defendants' improper intrusion upon the FRCP and due process work product and attorney-client protections of Plaintiff's law firm's employees, this Court must include the reimbursement of Plaintiff's attorneys' fees and costs incurred in preparing and filing this instant Motion for Protective Order to Quash Defendants' highly improper Subpoena.

**D.     Conclusion**

For all of the foregoing reasons, the Coyle Family Defendants' subpoena for testimony and documents from Plaintiff's counsel's employee James W. McStravick, whose forensic

5

financial analysis was directed by and performed in consultation with Plaintiff's counsel is an impermissible intrusion upon Plaintiff's counsel's work product and attorney-client communications. Mr. McStravick is not designated as a trial witness. Accordingly, Defendants' impermissible subpoena which lacks any legally cognizable basis must be quashed and a protective Order issued to preclude said deposition. This is the third time that the Plaintiff has been forced to incur fees and costs to enforce the FRCP. Accordingly, Plaintiff is entitled to his reasonable attorneys' fees and costs to incurred in preparing and filing this Motion.

Respectfully submitted,

OF COUNSEL:
ELLIOTT REIHNER SIEDZIKOWSKI
  & EGAN, P.C.

/s/ John M. Elliott
JOHN M. ELLIOTT
MARK A. KEARNEY
THOMAS N. SWEENEY
ROGER J. HARRINGTON, JR.
Union Meeting Corporate Center V
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000

DATE: June 24, 2002    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Thomas N. Sweeney, Esquire, hereby certify that on this 24th day of June 2002, I served a true and correct copy of the foregoing upon the following in the manner set forth:

### Via Facsimile and First Class Mail

Anthony Valenti, Esquire
Cureton Caplan
950B Chester Ave.
Delran, NJ 08075

Steven J. Jozwiak, Esquire
2201 Route 38
Suite 200
Cherry Hill, NJ  08002


/s/ Thomas N. Sweeney
THOMAS N. SWEENEY

mak: 52309.1

8

**CERTIFICATION PURSUANT TO LOCAL RULE 26.1(f)**

I certify that, after reasonable effort, the parties are unable to resolve the dispute regarding the subpoena for documents and testimony directed to ERSE employee James W. McStravick.

      /s/ Thomas N. Sweeney  
      THOMAS N. SWEENEY  
      Counsel for Plaintiff