UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN TORDINI,** *Individually and Derivatively* *On behalf of Our Turn LLC,* | : : : : |
| Plaintiff, | : : C.A. No. 02-2653 |
| | : **JURY TRIAL DEMANDED** |
| v. | : : |
| **ROBERT N. COYLE, et al.,** | : : |
| Defendants. | : : |

## ORDER

**AND NOW**, this ___ day of July 2002, upon consideration of the Coyle Defendants' Motion for Reconsideration of this Court's June 1, 2002 Order, or otherwise for a Protective Order, and Plaintiff's Opposition thereto, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Coyle Defendants' Motion for Reconsideration or otherwise, for a Protective Order, is **DENIED.**

**IT IS FURTHER ORDERED** that the Coyle Defendants shall immediately comply with their disclosure obligations under Fed.R.Civ.P. 26(a)(1), and immediately produce all documents responsive to the Plaintiff's May 17, 2002 First Request for Production of Documents.

_____
Katz, S.J.

rjh: 52588.1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN TORDINI,<br>*Individually and Derivatively*<br>On behalf of Our Turn LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ROBERT N. COYLE, et al.,<br><br>　　　　　　　　　Defendants. | C.A. No. 02-2653<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSITION TO THE COYLE DEFENDANTS' MOTION FOR RECONSIDERATION OF THIS COURT'S JUNE 1, 2002 ORDER OR "OTHERWISE, FOR A PROTECTIVE ORDER"**

The Coyle Defendants' legally and factually deficient Motion for Reconsideration of this Court's June 1, 2002 Order (attached hereto as Exhibit "A"), or "otherwise for a protective order", must be denied.[1] Despite this Court's May 6, May 28, and June 1, 2002 Orders, the Coyle Defendants continue to vexatiously multiply the proceedings by filing meritless delay motions and subpoenaing a forensic financial analyst employed with the Plaintiff's law firm[2], but have failed to timely provide their mandatory disclosures under Fed.R.Civ.P. 26 and are not producing requested documents, all to

---

[1] The Coyle Defendants are identified in the Complaint as the Coyle Family Defendants and their alter ego shell companies. See Complaint, Introductory Statement, pp. 3, 4. The same law firm represents all of the moving Defendants.

[2] The Coyle Defendants' first discovery request was a subpoena for the work product and mental impressions testimony and documents of James W. McStravick, a non-testimonial forensic financial analyst who is an employee of Elliott Reihner Siedzikowski & Egan, P.C., counsel for the Plaintiff. The Coyle Defendants refused to withdraw the improper subpoena, resulting in Plaintiff's June 24, 2002 Motion to Quash and for a Protective Order, now pending before the Court.

rjh: 52588.1

further obstruct scrutiny of their ongoing Ponzi scheme presently victimizing Derivative Plaintiff Our Turn. The instant motion confirms this delay strategy by seeking "reconsideration" of an Order granting their requested relief, and thus contriving a false basis for the Coyle Defendants to violate the Federal Rules of Civil Procedure and delay in producing core documents. This Court's June 1, 2002 Order defining the scope of confidentiality must stand, and the Coyle Defendants compelled to comply with this Court's Orders and the Federal Rules of Civil Procedure.

This Court's June 1, 2002 Order defined the appropriate confidentiality under controlling law: " …the information obtained from the banks shall be used only for purposes of this litigation and shall not otherwise be disclosed." See Exhibit "A". There has been no change in law or facts to warrant reconsideration of this Court's Order regarding confidentiality. Similarly, there is no basis, and the Coyle Defendants have not articulated "good cause" to meet their heavy burden, of imposing a broad cloak of confidentiality and a seal order over all of their financial documents which they previously gave to third parties, and could not, as a matter of law, have any expectation of privacy. See Bochetto v. Labrum & Doak, L.L.P., 1997 U.S. Dist. LEXIS 13326, *19 (E.D.Pa. Aug. 27, 1997).

This motion is another attempt by the Coyle Defendants to delay their participation in discovery, and thus obstruct this Court's May 6 and May 28 Orders. Plaintiff scheduled the depositions of the Defendants beginning on July 2, 2002, but the Coyle Defendants have not complied with their Rule 26(a)(1) obligations, or produced any documents, first requested on May 17, 2002.[3]

---

[3] Plaintiff made his Rule 26 (a)(1) disclosures on May 13, 2002. Defendants failed to do so, and the Coyle Defendants have yet to produce any documents. The Coyle Defendants have repeatedly delayed producing

2

**A.     The Motion for Reconsideration Must Be Denied.**

There is no legally cognizable basis for reconsideration of this Court's June 1, 2002 Order, and the motion must be denied.  See Horizon Unlimited, Inc. v. Richard Silva & SNA, Inc., 2001 U.S. Dist. LEXIS 275, *6 (E.D.Pa. Jan. 16, 2001) (quoting Tobin v. General Electric Co., 1998 U.S. Dist. LEXIS 693, No. 95-4003, 1998 WL 31875, at *2 (E.D.Pa. Jan 27, 1998) (A motion for reconsideration is. . . not properly grounded on a request that a court rethink a decision it has already made.")); see also Born, M.D. v. Iannocone, 1999 U.S. Dist LEXIS *3 (E.D.Pa., May 25, 1999) (citing McDowell Oil Service v. Interstate Fire & Casualty Co., 817 F.Supp. 538, 541 (M.D.Pa. 1993) ("[a] motion for reconsideration is not a method to reargue issues already considered and disposed of by the court.")); see generally Commonwealth v. Birdsong, 637 A.2d 1036, 1943 (Pa. Super. 1994) (not the duty of a court to become an advocate for parties).

This Court will only grant a motion for reconsideration when one of three reasons is present: "(1) an intervening change in controlling law, (2) the emergence of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent manifest injustice."  General Instrument Corporation of Delaware v. Nu-Tek Electronics & Manufacture ring, Inc., 3 F.Supp.2d 602 (E.D.Pa. 1998) (internal citations omitted); see Harsco v. Zlotnick, 779 F.2d 906, 909 (3d. Cir. 1985) (a motion for

---

documents based on motions filed with this Court, and now claim to be willing to produce some, but not all, responsive documents by mid-July, after some of the depositions of the Defendants have begun.  This will result in additional days of testimony, and costs and fees.  As such, it is necessary to order the Coyle Defendants to immediately comply with their Rule 26(a)(1) obligations, and otherwise produce all of their responsive documents, along with a privilege log of any withheld documents. Defendants Bruce Bryen, CPA and Bryen & Bryen, LLP have produced documents responsive to the document requests, but have not complied with Rule 26(a)(1).

3

reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence).

Instantly, the Coyle Defendants do not argue reconsideration is warranted due to a change in the controlling law, or the need to correct a clear error of law or to prevent manifest injustice[4]. Nor do they present any emerging new evidence[5]. Having failed to argue any legally cognizable basis for reconsideration, the motion must be denied.

**B.       The Alternative Motion for A Protective Order Must be Denied.**

The Coyle Defendants provide no basis, let alone meet the heavy burden of "good cause", to impose a blanket confidentiality and seal order on all court papers, documents, or testimony that, in any way, they deem to involve financial information about themselves, when this same financial information has been given to several banks, accountants and others, and this Court has already held that the records from the banks must not be disclosed outside of this litigation. The Court's June 1, 2002 Order already strikes the balance between the private interests of the Coyle Defendants, and the public nature of this courtroom, and must not be modified to improperly include all testimony, pleadings, motions or documents which:

---

[4] The Coyle Defendants argue that "it is uncertain the extent to which the Court considered the possibility of a confidentiality order in connection with the prior motion", see Defendants' Memorandum at p. 3; yet, within a few paragraphs thereof, the Coyle Defendants admit that Court ordered "the information obtained from the banks shall be used only for purposes of this litigation and shall not otherwise be disclosed", see Id. at p. 1, and further admit that they previously moved this Court specifically for "confidentiality", see Id. at p. 3.  The Coyle Defendants' motion fails on its face when they admit the Court considered exactly the relief sought and structured an Order defining the extent of disclosure.

[5] The Coyle Defendants appear to argue that document requests to all Defendants, and a call to them from an unidentified newspaper reporter, creates some basis for reconsideration or "otherwise, for a protective order".  In accordance with this Court's May 6, 28 and June 1 Orders, and the Federal Rules of Civil Procedure, Plaintiff issued a request for documents from the each of the Defendants, including the Coyle Defendants' accountant, Bruce Bryen, CPA and Bryen and Bryen, LLP, both of whom are named Defendants. Finally, the alleged investigative reporter is neither named nor identified by reference to his or her media or publication source.  Further, such an media interest, as claimed, demonstrates a broad public interest at issue, but does not, on its own or in conjunction with the service of the most traditional discovery requests, require this Court to reconsider its confidentiality order.

4

> set forth financial information concerning any of the Coyle Defendants, such as, but not limited to, tax returns, accounting records, bank statements, ledgers, check registers, loan applications, underwriting files, credit files, appraisals, ledgers, real estate settlement sheets or other documents reflecting financial information.

See Coyle Defendants' proposed Order, ¶1, attached to the Motion for Reconsideration.

To seek extraordinary relief beyond this Court's June 1, 2002 Order, the Coyle Defendants present no "specific examples or articulated reasoning" establishing good cause. See Glenmede Trust Co. v. Thompson, 56 F.3d 476, 484 (3d Cir. 1995)(quoting Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994)).

Because of the strong public interest in open proceedings, a party seeking blanket confidentiality, in the first instance, carries a heavy burden. See Glenmede Trust, 56 F.3d 476 (E.D.Pa 1995) (citing Pansy, supra; Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (delineated areas where openness is not the norm are the exception).  Indeed, the moving party must demonstrate "good cause", which is established only when it is specifically demonstrated that disclosure **will** cause a clearly defined and serious injury. Glenmede[6], 56 F.3d at 483 (citing Pansy, 23 F.3d at 786) (emphasis added).  Further, "the

---

[6] The Court of Appeals in Glenmede confirmed the Pansy factors to be considered in evaluating "good cause":

1)   whether disclosure will violate any privacy interests;

2)   whether the information is being sought for a legitimate purpose or for an improper purpose;

3)   whether disclosure of the information will cause a party embarrassment;

4)   whether confidentiality is being sought over information important to public health and safety;

5)   whether the sharing of information among litigants will promote fairness and efficiency;

5

injury must be shown with specificity." Pansy, 23 F.3d at 786 (citing Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)); see Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001).

Additionally, burdening the moving party with such heavy burden is also consistent with this Court's presumption that the parties conduct themselves in good faith during discovery. See Glenmede, 56 F.3d 481, n.7 (citing Pansy, 23 F.3d 772)(further discussing the Pansy shift which has federal courts avoiding, not endorsing, broad confidentiality orders). Here, the Coyle Defendants do not and cannot claim that Plaintiff has acted in anything other than in good faith.

Here, the Coyle Defendants' attempt to meet their heavy burden under Pansy must begin, and end, with their hysterical claims of "embarrassment, contempt, from the envious and harassment by predatory wealth seekers." See Defendants' Memorandum, p. 8.; Id. at p. 8 (reporter following case "could result in personal, financial information being needlessly plastered in the newspaper."). It is impossible to know to what the Coyle Defendants are referring to, as they do not articulate a single harm. Their request for a blanket confidentiality, beyond this Court's June 1, 2002 Order, is based on a speculative fear that some unidentified reporter could, upon reading the pleadings in this case, somehow "embarrass" the Coyle Defendants.

If taken to its logical conclusion, the Coyle Defendants' argument requires that every case in this Court involving financial records must be placed under seal and its

---

6)     whether a party benefitting from the order of confidentiality is a public entity or official; and,

7)     whether the case involves issues important to the public.

Glenmede, 56 F.3d at 483 (citing Pansy, 23 F.3d at 787-791).

records rendered "confidential" because, as argued by the Coyle Defendants, the public or a reporter could possibly see these records. Of course, that is the nature of public forums for disputes. For this reason, and others, the Court of Appeals in <u>Pansy</u> addressed exactly this type of hysteria holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" do not support a good cause showing. <u>Glenmede</u>, 56 F.2d 484 (<u>citing</u> <u>Pansy</u>, 23 F.3d at 786).

Besides failing to allege any "harm" with any specificity or certainty, the Coyle Defendants cannot claim that the issues in this case are private or do not involve issues important to the public. <u>See</u> Defendants' Memorandum at p. 9. It is beyond cavil that the issues presented are unequivocally in the public interest, which has been protected for decades by §10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78(b). <u>See</u> <u>Timmreck v. Munn</u>, 433 F.Supp. 396 (N.D.Ill. 1977) (Securities Acts were devised to protect the public from speculative or fraudulent schemes advanced by promoters); <u>see generally</u> <u>Berko v. Securities and Exchange Commission</u>, 316 F.3d 137 (2d Cir. 1963) (this chapter is designed to protect investors and general public). This case concerns the Defendants' multiple misrepresentations and nondisclosures regarding their ongoing Ponzi scheme, which induced the sale of securities to Plaintiff, and is now destroying Derivative Plaintiff Our Turn. As detailed in the Complaint, the Defendants' Ponzi scheme is principally based on false financial statements, phony real estate appraisals by insiders, and worthless personal guarantees provided to several lenders to fraudulently induce millions of dollars in loan proceeds converted by the Coyle Defendants, while Our Turn's revenues are raided by the Coyle Defendants to make current loan payments on the fraudulently induced loans until such time as the Coyle Defendants' Ponzi scheme

implodes. Here, as specifically alleged, there are at least six federally insured financial institutions which have received the fraudulent representations, and have been fraudulently induced to lend over $8 million to the Coyle Family Defendants. As alleged, this Ponzi scheme requires that the Coyle Defendants further harm the public interest by not paying real estate taxes, and transfer taxes, to the City of Philadelphia.

Further, there is no privacy interest in the financial documents of the Coyle Defendants given to third parties. As this Court has found,

> I will briefly note, however, that it is far from certain whether disclosure of financial documents constitutes a constitutionally or statutorily protected right to privacy. While failing to abide by the confidentiality mandate of the court order may be grounds for modest sanctions, if any, its ultimate characterization as a constitutional or statutorily deprivation is unclear. See United States v. Miller, 425 U.S. 435, 48 L. Ed. 2d 71, 96 S. Ct. 1619 (1976) (holding that bank customers have no reasonable expectation of privacy under the Fourth amendment in bank records of their accounts).

Bochetto v. Labrum & Doak, L.L.P., 1997 U.S. Dist. LEXIS 13326, *19 (E.D.Pa., Aug. 27, 1997). [7] The Supreme Court's holding in Miller requires that this Court reject the Coyle Defendants' instant argument. Clayton Brokerage Co, Inc. v. Clement, 87 F.R.D. 569, 571 (D.Md. 1980). In Clement, as identical to this instant motion, "defendant also contends that disclosure of the bank's records would be violative of his privacy rights,

---

[7] The Coyle Defendants cite DeMasi v. Weiss, 669 F.2d 114, 120 (3d Cir. 1982) as if it were a lead case supporting broad confidentiality of financial data. In fact, DeMasi did not reach the question of whether a trial court erred, in light of privacy principles, in mandating the disclosure of 97 non-party physician and 10 individual Defendants' gross incomes when all of the information was "sought only to serve as the foundation for Plaintiff's privately retained economists to form an opinion about plaintiff's alleged loss of income, if any." Id. at 121. Further, even the Coyle Defendants' lead authority acknowledges that individuals do not expect confidentiality with their income when, "placed in issue, as in litigation, in a loan application, or . . ." Id. at 121 (underscore added). DeMasi, and its dicta, is inapposite.

8

and urges the court to deny disclosure on public policy grounds." Id.  The court in Clement rejected this flawed analysis:

> In Miller, the Supreme Court held a bank customer has no "legitimate 'expectation of privacy'" in the contents of checks, deposition slips and other banking documents.  425 U.S. at 442, 96 S.Ct. at 1623.  These records are not confidential communications but instruments of commercial transactions.  As stated above, the documents sought here are the business records of the bank, and the issuance of a subpoena requiring the bank to product its records is not violative of any cognizable privacy right of the defendant.  Cf. Donaldson v. United States, 400 U.S. 517, 537, 91 S.Ct. 534, 545, 27 L.Ed.2d 580 (1971) (Douglas, J., concurring).

Id.

In addition, it is not disputed that the information sought in this case is for a legitimate purpose of conducting discovery and will promote fairness and efficiency.  This Court's June 1, 2002 Order already ensures that the bank documents must not be used outside of this litigation.

Accordingly, the Coyle Defendants have not met their heavy burden of establishing good cause for any confidentiality order beyond that already defined in this Court's June 1, 2002 Order. See Order, Exhibit "A" hereto.

**C.   Conclusion**

The Coyle Defendants' Motion for Reconsideration, or otherwise, for a protective order, must be denied.  The Coyle Defendants cannot articulate a single specific reason for entering a blanket confidentiality and seal order over all of their financial documents, which have already been given to many third parties.  Their hysterical fear of possibly being named in a newspaper is not a basis for this Court to change its June 1, 2002 Order

regarding confidentiality.  Moreover, the Coyle Defendants must be ordered to comply with Fed.R.Civ.P. 26(a)(1) and produce their responsive documents immediately.

                Respectfully submitted,

OF COUNSEL:
ELLIOTT REIHNER SIEDZIKOWSKI
  & EGAN, P.C.
                /s/ *Mark A. Kearney*
                JOHN M. ELLIOTT
                MARK A. KEARNEY
                THOMAS N. SWEENEY
                ROGER J. HARRINGTON, JR.
                Union Meeting Corporate Center V
                925 Harvest Drive, Suite 300
                Blue Bell, PA  19422
                (215) 977-1000

DATE:  June 28, 2002            Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I, Roger J. Harrington, Jr., Esquire, hereby certify that on this 28th day of June 2002, I served a true and correct copy of the foregoing upon the following in the manner set forth:

**Via Facsimile and First Class Mail**

Anthony Valenti, Esquire
Cureton Caplan
950B Chester Ave.
Delran, NJ 08075

Steven J. Jozwiak, Esquire
2201 Route 38
Suite 200
Cherry Hill, NJ  08002


    /s/ Mark A. Kearney
    MARK A. KEARNEY