UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN TORDINI,**<br>*Individually and Derivatively*<br>On behalf of Our Turn LLC,<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT N. COYLE, et.al.,**<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:    C.A. No. 02-2653<br>:    **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>:<br>: |

**O R D E R**

**AND NOW,** this ____ day of July 2002, pursuant to Local Rule 26.1(g), and upon consideration of the Plaintiff's Motion to Compel The Coyle Defendants to Produce their Rule 26 Disclosures; Produce Documents Responsive to the May 17, 2002 Requests for Production of Documents; and, Appear for Depositions Scheduled on June 6 and 10, 2002,

**IT** is hereby **ORDERED, ADJUDGED** and **DECREED** that the Plaintiff's Motion is **GRANTED,** as follows:

1. The Coyle Defendants shall immediately produce their Rule 26 Disclosures;

2. The Coyle Defendants shall immediately produce all documents responsive to the Plaintiff's May 17, 2002 Requests for Production of Documents; and,

3. The Coyle Defendants shall comply with the June 10, 2002 Notice of Deposition.

                                                                                                             _____
                                                                                                            KATZ, S. J.
                                                                                                             UNITED STATES DISTRICT COURT

mak: 52735.1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN TORDINI,** *Individually and Derivatively* On behalf of Our Turn LLC**,** | : : : : |
| Plaintiff, | : C.A. No. 02-2653 : JURY TRIAL DEMANDED |
| v. | : : |
| **ROBERT N. COYLE, et.al.,** | : : |
| Defendants. | : : |

**PLAINTIFF'S MOTION TO COMPEL THE COYLE DEFENDANTS TO PRODUCE THEIR FED.R.CIV.P. 26 DISCLOSURES; PRODUCE DOCUMENTS RESPONSIVE TO THE MAY 17, 2002 REQUESTS FOR PRODUCTION OF DOCUMENTS; AND, APPEAR FOR DEPOSITIONS SCHEDULED ON JUNE 6 AND 10, 2002**

This Court has ordered, on multiple occasions, discovery to be complete by July 31, 2002. The Coyle Family Defendants[1] refuse to participate in fundamental discovery, including not producing their Fed.R.Civ.P. 26 Disclosures, failing to produce documents responsive to Plaintiff's May 17, 2002 Requests for Production of Documents; and, failing to appear for depositions first noticed on June 6 and 10, 2002.

The Coyle Family Defendants obstruct all discovery, and have not issued any meaningful discovery[2], to eliminate scrutiny of the ongoing Ponzi scheme which victimizes the Plaintiff by having Our Turn fund the operating costs and loan payments on approximately $10,000,000 in

---

[1] The Coyle Family Defendants and their alter ego shell companies are described in the Complaint. The same law firm represents all of the Coyle Family Defendants.

[2] The Defendants' discovery requests have consisted of a notice of deposition of the Plaintiff and a subpoena upon James W. McStravick, a non-testimonial forensic financial analyst employed by Elliott Reihner Siedzikowski & Egan, PC, counsel for the Plaintiff, to review the Ponzi scheme. After amicable efforts to resolve this issue failed, Plaintiff moved on June 24, 2002 to quash this improper subpoena seeking work product and attorney-client information from his law firm's employee.

loans fraudulently induced from smaller banks based on grossly overvalued insider real estate appraisals, false financial statements and guarantees, and fraudulent conveyances of collateral and loan proceeds among the Coyle Defendants and to the Coyle Family with the intent that no loan principal shall be repaid, and, in short time, Our Turn will be destroyed.  Most recently, as only discovered in this case, the Defendants fraudulently induced hundreds of thousands of dollars in loans from Alliance Bank through their Ponzi scheme.   As a result of the Defendants' obstruction, Plaintiff has not received a single document from the Defendants relating to the effect of these loans upon Our Turn today.

On May 6, 2002, May 28, 2002, June 1 and, most recently, on July 3, 2002, this Court ordered, or confirmed, that the parties are to complete discovery and pre-trial exchanges by July 31, 2002, with the pre-trial conference scheduled for July 30, 2002.   Mindful of the Court's Orders, Plaintiff produced his Rule 26 Disclosures on May 13, 2002; issued document requests on May 17, 2002 and, on June 6 and 10, 2002, issued a notice of deposition for witnesses, scheduling the depositions to begin on July 2, 2002.  To date, Plaintiff has not received the disclosures, has not received the responsive documents, and has not been able to depose a single witness. Accordingly, Plaintiff respectfully requests this Court to enter summary relief on an expedited basis, pursuant to Local Rule 26.1(g), compelling the Coyle Defendants to comply with their discovery obligations immediately:

    1.    Plaintiff John Tordini seeks compensatory and punitive damages, and expedited equitable relief, individually and derivatively on behalf of Our Turn LLC ("Our Turn"), where he is a twenty-five percent (25%) owner, including damages arising from the fraudulent inducement of his purchase of securities in Our Turn, and the systematic destruction of Our Turn by the ongoing Ponzi scheme and the fraudulent financial misconduct of the Coyle Family Defendants,

2

and Defendants Bruce Bryen, CPA and Bryen and Bryen, LLP. The Defendants' ongoing Ponzi scheme illegally converts Our Turn's revenues to fund the ongoing scheme through undisclosed management or administrative fees, loans, and other conversions of Our Turn's funds by the Coyle Defendants, as directed by their financial consultants, Defendants Bruce Bryen, CPA and his accounting firm, Bryen & Bryen, LLP.

2.      On May 6, 28, June 1 and July 3, 2002, this Court entered orders confirming that discovery must be complete by July 31, 2002.

3.      On May 13, 2002, Plaintiff issued its initial disclosure statement under Fed.R.Civ.P. 26. To date, no Defendant has produced an initial disclosure statement, as required by Fed.R.Civ.P. 26.

4.      On May 17, 2002, Plaintiff issued his First Request for the Production of Documents to the Coyle Defendants, requiring documents to be produced by June 17, 2002. To date, no documents have been produced, although the Coyle Defendants have assured Plaintiff that they will be in mid-July. This production is simply too late, and prejudices Plaintiff's ability to meaningful depose the Defendants and the necessary third parties. Accordingly, an Order to compel is required to immediately produce these documents.

5.      On June 6 and 10, 2002, Plaintiff issued a Notice of Depositions. See Exhibit "A". The first deposition was scheduled for July 2, 2002 in Plaintiff's counsel's office.[3] Plaintiff provided over twenty-five (25) days notice so that the parties could set their schedules, notify

---

[3] On June 4, 2002, the Coyle Defendants improperly noticed the Plaintiff's deposition for three days (June 18-20) in their Delran, New Jersey office, and the deposition of James W. McStravick, a non-testimonial forensic financial employee of Elliott Reihner Siedzikowski & Egan, PC. On June 5, 2002, Plaintiff objected to the deposition of his law firm's employee, but the Coyle Defendants refuse to withdraw this highly improper subpoena seeking work product and attorney client information, resulting in Plaintiff's June 24, 2002 Motion to Quash the subpoena upon Mr. McStravick. Also on June 5, 2002, Plaintiff's counsel advised that Plaintiff Tordini (a Philadelphia resident) could not be available for a deposition in the District of New Jersey on June 18, but would make himself available in the Eastern District of Pennsylvania on an acceptable date, and has provided that date. Fed.R.Civ.P. 30(d)(2). Defendants have not, as yet, scheduled the Plaintiff's deposition.

third parties and have sufficient time to review the documents required to be produced by June 17, 2002, and prepare for meaningful depositions.

6. On July 1, 2002 – the day before the first scheduled deposition – counsel for the Coyle Defendants belatedly advised that they would **not** produce their witnesses for depositions[4]. The Coyle Defendants claimed that they would not produce their witnesses in Plaintiff's attorneys' office; and, would not produce any witness until they deposed Plaintiff first.

7. On July 3, 2002 – even after this Court's multiple Orders— counsel for the Coyle Defendants advised that they would not produce Defendant Linda Coyle Price on July 8 – as scheduled almost a month earlier.

8. The Coyle Defendants cannot stop discovery, as noticed in accordance with this Court's May 6, 28, June 1 and July 3 Orders.   There is no legally cognizable basis for the Coyle Defendants to roadblock all discovery.  Plaintiff's depositions have been timely noticed in Plaintiff's counsel's office in the Eastern District of Pennsylvania where the documents are located, and in the same district as each Defendant's principal place of business. Further, the Coyle Defendants' claim of primacy in the order of discovery is contrary to Fed.R.Civ.P. 26(d). George Corp. v. Savin Corporation, 1996 WL 10554, *2 (E.D.Pa. Sept. 19, 1986)(clear that Fed.R.Civ.P. 26(d) eliminates the argument that the party first serving a notice of deposition has the right to complete his deposition before any other party may take depositions)(appended hereto).

9. The Coyle Defendants' refusal to participate in the most fundamental of their discovery obligations confirms their obstruction of any scrutiny of the ongoing Ponzi scheme.  They presently have too much at risk to allow Plaintiff further discovery.  They have tried to

---

[4] The Bryen Defendants have produced responsive documents, and agreed to the deposition schedule.  They have yet to produce their Rule 26 Disclosures.

4

stop, or delay for an indefinite time, all discovery. This Court has properly rejected these tactics in its May 28, June 1 and July 3 Orders. Regrettably, after efforts to resolve this dispute amicably were responded to with more delay, Plaintiff is required to compel their compliance again with this Court's Orders and the Federal Rules of Civil Procedure.

**WHEREFORE**, pursuant to Local Rule 26.1(g) and for all of the foregoing reasons, Plaintiff respectfully moves to compel the Coyle Defendants to immediately: produce their Rule 26 Disclosures; produce all documents responsive to the May 17, 2002 Request for Production of Documents; and, produce all witnesses as noticed in the June 6 and June 10, 2002 Notice of Deposition, as noticed.

Respectfully submitted,

OF COUNSEL:
ELLIOTT REIHNER SIEDZIKOWSKI
  & EGAN, P.C.

/s/ Mark A. Kearney
JOHN M. ELLIOTT
MARK A. KEARNEY
THOMAS N. SWEENEY
ROGER J. HARRINGTON, JR.
Union Meeting Corporate Center V
925 Harvest Drive, Suite 300
Blue Bell, PA  19422
(215) 977-1000

DATE:  July 5, 2002                    Attorneys for Plaintiff

5

## CERTIFICATE OF SERVICE

I, Mark A. Kearney, Esquire, hereby certify that on this 5th day of July 2002, I served a true and correct copy of the foregoing upon the following in the manner set forth:

**Via Facsimile and First Class Mail**

Anthony Valenti, Esquire
Cureton Caplan
950B Chester Ave.
Delran, NJ 08075

Steven J. Jozwiak, Esquire
2201 Route 38
Suite 200
Cherry Hill, NJ   08002


/s/ Mark A. Kearney
MARK A. KEARNEY

mak: 52735.1

## CERTIFICATION PURSUANT TO LOCAL RULE 26.1(f)

I certify that, after reasonable effort, the parties are unable to resolve the dispute regarding the Coyle Defendants' compliance with their discovery obligations.

    /s/ Mark A. Kearney_____
MARK A. KEARNEY
Counsel for Plaintiff