UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN TORDINI,** *Individually and Derivatively* On behalf of Our Turn LLC, | : : : : : |
| Plaintiff, | : C.A. No. 02-2653 |
| | : **JURY TRIAL DEMANDED** |
| v. | : |
| **ROBERT N. COYLE, et.al.,** | : : |
| Defendants. | : : |

# O R D E R

**AND NOW,** this ____ day of July 2002, upon consideration of the Coyle Defendants' letter request of July 16, 2002 for clarification of this Court's July 12, 2002 Order, and the Plaintiff's Motion to Enforce the Court's July 12, 2002 Order, and to Quash Subpoenas upon Plaintiff's Aged and Infirmed Parents,

**IT** is hereby **ORDERED, ADJUDGED** and **DECREED** that the Coyle Defendants' letter request is **DENIED,** and Plaintiff's Motion is **GRANTED,** as follows:

**1.** This Court's July 12, 2002 Order requires the Plaintiff to be deposed for two hours total, and each Defendant, including its Fed.R.Civ.P. 30(b)(6) designee, to be deposed for two hours;

**2.** The Coyle Defendants shall immediately produce their Rule 26 Disclosures; and,

**3.** The Subpoenas for testimony upon Plaintiff's parents, John and Ida Tordini, are **QUASHED**.

                                                                   _____
                                                                   KATZ, S. J.
                                                                   UNITED STATES DISTRICT COURT

mak: 52977.1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN TORDINI,**<br>*Individually and Derivatively*<br>On behalf of Our Turn LLC**,**<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT N. COYLE, et.al.,**<br><br>Defendants. | C.A. No. 02-2653<br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO ENFORCE THIS COURT'S JULY 12, 2002 ORDER, AND TO QUASH SUBPOENAS UPON PLAINTIFF'S AGED AND INFIRM PARENTS**

This Court has ordered, on multiple occasions, discovery to be complete by July 31, 2002, with expert reports exchanged on or before July 25, 2002. *See* May 6, 28 and June 4 Orders. The Coyle Family Defendants[1] refuse to participate in fundamental discovery, including not producing their Fed.R.Civ.P. 26 Disclosures[2], and, now refusing to produce Rule 30(b)(6) witnesses noticed by the Plaintiff for a two (2) hour deposition each, as mandated by this Court's July 12, 2002 Order.

In addition, the Coyle Defendants have now subpoenaed John and Ida Tordini, the 79 and 78 year old parents of Plaintiff for depositions in Delran, New Jersey on July 30, 2002. *See* Exhibit "A" hereto. Accordingly, Plaintiff seeks an Order enforcing this Court's July 12, 2002 Order, and quashing the subpoenas upon his aged parents, who have never met, and have no

---

[1] The Coyle Family Defendants and their alter ego shell companies are described in the Complaint. The same law firm represents all of the Coyle Family Defendants.

[2] On May 13, 2002, Plaintiff issued his initial disclosure statement under Fed.R.Civ.P. 26. To date, no Defendant has produced an initial disclosure statement, as required by Fed.R.Civ.P. 26, despite this Court's July 12, 2002 Order requiring them to be produced "forthwith".

relationship whatsoever with this case, other than they raised and educated John Tordini, and are now suffering from several illnesses:

## Short Background

1.  Plaintiff John Tordini seeks compensatory and punitive damages, and expedited equitable relief, individually and derivatively on behalf of Our Turn LLC ("Our Turn"), where he is a twenty-five percent (25%) owner, including damages arising from the fraudulent inducement of his purchase of securities in Our Turn, and the systematic destruction of Our Turn by the ongoing Ponzi scheme and the fraudulent financial misconduct of the Coyle Family Defendants, and Defendants Bruce Bryen, CPA and Bryen and Bryen, LLP. The Defendants' ongoing Ponzi scheme illegally converts Our Turn's revenues to fund the ongoing scheme through undisclosed management or administrative fees, loans, and other conversions of Our Turn's funds by the Coyle Defendants, as directed by their financial consultants, Defendants Bruce Bryen, CPA and his accounting firm, Bryen & Bryen, LLP.

2.  The Coyle Family Defendants continue to obstruct scrutiny of the ongoing Ponzi scheme which victimizes the Plaintiff by having Our Turn fund the operating costs and loan payments on approximately $10,000,000 in loans fraudulently induced from smaller banks based on grossly overvalued insider real estate appraisals, false financial statements and guarantees, and fraudulent conveyances of collateral and loan proceeds among the Coyle Defendants and to the Coyle Family with the intent that no loan principal shall be repaid, and, in short time, Our Turn will be destroyed.  Most recently, as only discovered in this case, the Defendants fraudulently induced hundreds of thousands of dollars in loans from Alliance Bank through their Ponzi scheme, including over $700,000 of a $1 Million loan.

3.      On May 6, 2002, May 28, 2002, June 1 and, most recently, on July 3, 2002, this Court ordered, or confirmed, that the parties are to complete discovery and pre-trial exchanges by July 31, 2002, with the pre-trial conference scheduled for July 30, 2002.  The Court has required all expert reports to be exchanged on or before July 25, 2002. Mindful of the Court's Orders, Plaintiff produced his Rule 26 Disclosures on May 13, 2002; issued document requests on May 17, 2002 and, on June 6 and 10, 2002, issued a notice of deposition for witnesses, scheduling the depositions to begin on July 2, 2002.  To date, Plaintiff has not received the disclosures, and the majority of documents may be produced on July 25, 2002, nine weeks after the document request was served.[3]

4.      In several motions, and letters to the Court including a July 16, 2002 letter, the Coyle Defendants have wrongfully attempted to delay this case.  This Court has properly denied such requests, and, as a result, the parties are proceeding to complete discovery.

### The Court's July 12, 2002 Order

5.      On July 12, 2002, this Court ordered that "[e]ach of the depositions of the parties in the offices of their respective counsel commencing with plaintiff's deposition shall proceed for a maximum of two hours starting three business days from the date of this Order [July 12]".

6.      Accordingly, the Coyle Defendants' counsel requested, and ***Plaintiff has agreed***, that Plaintiff will appear for his two hour deposition tomorrow evening beginning at 4:00 PM.[4]

---

[3] Regrettably, there may also be a developing issue with respect to the documents ordered by the Court to be produced "forthwith" on July 12, 2002.  The Coyle Defendants agreed to produce several boxes of documents several days later, on July 18, 2002, but have demanded that the Plaintiff copy all of these records and return them from the independent third party copy service, IKON Office Solutions, by 5PM the next day.  Plaintiff has agreed, with IKON, to work through the night to copy, but cannot guarantee their return of all documents from IKON by 5PM the next day.  The parties are presently negotiating this issue with the expectation that the Coyle Defendants will accept Plaintiff's counsel's representation that they will be returned immediately after the copying is complete.

[4] The Coyle Defendants faxed a letter to this Court on July 16, 2002 representing that there was some disagreement as to the time of Mr. Tordini's deposition.  At the time of the letter to the Court, however, counsel had not spoken; once they had an opportunity to speak – and before Plaintiff's counsel received the July 16, 2002 letter to the Court

3

7. However, the Coyle Defendants' counsel is now arguing that he has the right to depose Plaintiff for four hours. This is contrary to the Court's July 12, 2002 Order requiring Plaintiff's deposition to proceed for a maximum of two hours.

8. In accordance with this Court's July 12, 2002 Order, on July 12, 2002, Plaintiff noticed the deposition of each party in the Coyle Defendants' counsel's New Jersey office, with each deposition scheduled for a maximum of two hours. *See* Exhibit "B".

9. On July 16, 2002, the Coyle Defendants advised Plaintiff that <u>they would not produce a Rule 30(b)(6) designee</u> of each Defendant noticed pursuant to Fed.R.Civ.P. 30(b)(6). Rather, the Coyle Defendants agreed to produce their individual defendants, and a designee of RNC Investments and the Coyle Family Irrevocable Trust. Further, the Coyle Defendants assert, contrary to the July 12, 2002 Order, that Plaintiff is only entitled to ten (10) depositions, although there are more than ten companies created by the Defendants to further this scheme.

10. Plaintiff is entitled to depose each defendant. This Court's two (2) hour time limit allows Plaintiff to timely depose each defendant. Plaintiff also seeks to depose, and has noticed, the depositions of a handful of material third party witnesses, and the Coyle Defendants have not objected to these depositions; however, the Coyle Defendants have advised that they will enforce the ten deposition limit.

**11.** Thus, to avoid the Coyle Defendants lying in wait to ambush Plaintiff with objections once the tenth (10th) deposition is taken, Plaintiff seeks an order enforcing this Court's July 12, 2002 Order allowing two hours for each deposition of each party.

---

– counsel agreed to depose Mr. Tordini beginning at 4:00 PM. Thus, the time of this deposition is not an issue; however, the Defendants seek to depose Mr. Tordini for four hours, rather than two.

4

### **The Subpoenas upon Plaintiff's Aged and Infirm Parents are Intended to Harass**

12. On July 16, 2002, the Coyle Defendants served subpoenas upon John and Ida Tordini, the 79 and 78 year old parents of Plaintiff John Tordini who are lifelong residents of South Philadelphia, seeking to depose them in Delran, New Jersey on July 30, 2002. *See* Exhibit "A". John and Ida Tordini have no relationship whatsoever with this case, or with any relationship with the Coyle Defendants. Their only knowledge is that John Tordini is their son, he is married to Susan Tordini, and they are the proud grandparents of their two children.

13. Upon receipt of the subpoenas, Plaintiff's counsel immediately inquired of the Coyle Defendants as to the purpose of deposing Plaintiff's aged parents. In response, the Coyle Defendants' counsel claimed that these aged parents may have information relating to whether Plaintiff Tordini ever left his marital home before separating from his wife in late December 2000. Plaintiff Tordini, and his wife, have already testified for hours relating to this issue in the state court employment case.

14. The Coyle Defendants provide no basis to depose these aged persons, whose only knowledge of anything relating to this case is that they raised and educated their son, John Tordini, and are the proud grandparents of John and Susan Tordini's two children.

15. Further, deposing these aged parents is a considerable hardship. His son, the Plaintiff, cares for Mr. Tordini, as he suffers from, <u>inter alia</u>, prostrate cancer, arthritic back, 50% blindness, diabetes and loss of memory.

16. The deposition of John Tordini's parents is intended to harass and embarrass Mr. Tordini. It has nothing to do with this case; there is no showing that John Tordini, Sr. or Ida Tordini have any information relating to any aspect of this case. At a minimum, they love and

are proud of their son, and no other person or document has ever identified any issue regarding their involvement in the facts of this case.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff respectfully moves to enforce this Court's July 12, 2002 Order requiring each party to appear for a deposition not to exceed two (2) hours; and, to quash the subpoenas upon Plaintiffs' aged parents who have no involvement whatsoever in this case.

Respectfully submitted,

OF COUNSEL:
ELLIOTT REIHNER SIEDZIKOWSKI
  & EGAN, P.C.

/s/ Mark A. Kearney
JOHN M. ELLIOTT
MARK A. KEARNEY
THOMAS N. SWEENEY
ROGER J. HARRINGTON, JR.
Union Meeting Corporate Center V
925 Harvest Drive, Suite 300
Blue Bell, PA  19422
(215) 977-1000

DATE:  July 16, 2002

Attorneys for Plaintiff

6

## **CERTIFICATE OF SERVICE**

I, Mark A. Kearney, Esquire, hereby certify that on this 16th day of July 2002, I served a true and correct copy of the foregoing upon the following in the manner set forth:

**Via Facsimile and First Class Mail**

Anthony Valenti, Esquire
Cureton Caplan
950B Chester Ave.
Delran, NJ 08075

Steven J. Jozwiak, Esquire
2201 Route 38
Suite 200
Cherry Hill, NJ  08002


/s/ Mark A. Kearney
MARK A. KEARNEY

mak: 52977.1

**CERTIFICATION PURSUANT TO LOCAL RULE 26.1(f)**

I certify that, after reasonable effort including a telephone conference on July 16, 2002, the parties are unable to resolve the dispute regarding the enforcement of the Court's July 12, 2002 Order, and the Coyle Defendants' subpoena upon Plaintiff's parents.

                                                  /s/ Mark A. Kearney
                                                  MARK A. KEARNEY
                                                  Counsel for Plaintiff