**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN TORDINI,** | : | |
| *Individually* | : | |
| *and derivatively* on behalf | : | **C.A. No. 02-2653** |
| of Derivative Plaintiff Our Turn, LLC | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **ROBERT N. COYLE, SR., et al.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendants** | : | |
| | : | |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO THE COUNTERCLAIMS**

Plaintiff John Tordini, individually and derivatively on behalf of Our Turn, LLC, herein answers the Defendants Robert N. Coyle's, RNC Investments' and Carol Coyle's, Counterclaims, and plead Affirmative Defenses, in support of dismissing all Counterclaims. Plaintiff denies each and every allegation made in the preface to the Counterclaim. Plaintiff further incorporates the allegations made in the Complaint filed by Plaintiff against all Defendants.

**ANSWER TO THE COUNTERCLAIM**

1.      Admitted in part; denied in part. It is admitted only that RNC Investments was formed under New Jersey law as a limited liability company and that RNC Investments is the majority owner of Our Turn LLC. Plaintiff is without knowledge or information, after reasonable investigation, to form a belief as to the truth of the averment concerning RNC Investments' principal place of business and the same is deemed denied. It is specifically denied that RNC Investments was formed as a New Jersey limited

liability company on or about May 1999, on the contrary it became a Pennsylvania limited liability company in May of 1999, or that RNC Investments is the 90% owner of Our Turn.

2.    Admitted.

3.    Admitted.

4.    Admitted in part.    It is admitted only that Counterclaim Defendant/Plaintiff John Tordini is a natural person, resident of the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

5.    Plaintiff hereby incorporates by reference the answer to each and every previous paragraph of the counterclaim as if fully set forth herein.

6.    Admitted in part; denied in part.  It is admitted only that this Court may have jurisdiction over the Counterclaims based solely on the case in chief.  Any averment contained in Paragraph 6, other than that expressly admitted, is denied.

7.    Admitted.

## FACTS COMMON TO ALL COUNTS

8.    Plaintiff hereby incorporates by reference the answer to each and every previous paragraph of the counterclaim as if fully set forth herein.

9.    Admitted in part; denied in part.  It is admitted only that Defendant Robert N. Coyle, Sr. has experience individually, and with other family members and/or through various business entities, some of which are named as Defendants herein, in the business of buying and selling real estate in the Philadelphia area.  Plaintiff is without sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth

of the averment concerning whether Robert N. Coyle, Sr., his family members and other entities are successful as "broker, investor and developer" or whether the same rehabilitate any property and the same are deemed denied.

10.    Denied.  Plaintiff is without sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth of the averments in Paragraph 10 and the same is deemed denied.

11.    Admitted.

12.    Admitted in part; denied in part.  It is admitted only that Plaintiff Tordini first met Robert N. Coyle, Sr. when he was employed at First Republic Bank, where he was a commercial loan officer, and had continued dealing with Defendant Robert N. Coyle, Sr. at Sun Bank, where Plaintiff Tordini was subsequently employed as a commercial loan officer.  Plaintiff is without sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth of the rest of the averment, which also fails to contain sufficient specificity, and the same is deemed denied.

13.    Admitted in part; denied in part.  It is admitted only that at some time on or about 2000, Defendant Robert N. Coyle approached Plaintiff Tordini about his interest in acquiring a company that would be licensed to provide title insurance and that the company would service all those in need of title insurance.  All averments in Paragraph 13, other than those expressly admitted, are denied.

14.    Admitted in part; denied in part.  It is admitted only that Plaintiff Tordini learned of Defendant Robert N. Coyle, Sr.'s interest in acquiring a company that would be licensed to provide title insurance through Defendant Robert N. Coyle, Sr.  It is

specifically denied that Plaintiff Tordini made a request to Coyle to consider Tordini for employment with the company.

15.     Denied.

16.     Admitted in part; denied in part.  It is admitted only that Plaintiff Tordini agreed with Robert N. Coyle, Sr. that Tordini had the ability to generate commercial title business.  It is specifically denied that Plaintiff Tordini induced Robert N. Coyle or RNC Investments to bring him into the business; on the contrary, they fraudulently induced Plaintiff Tordini to purchase securities and become a 25% owner of Derivative Plaintiff Our Turn.

17.     Denied.  It is specifically denied that Plaintiff Tordini misrepresented any fact to Robert N. Coyle, Sr., whether relevant or irrelevant to the formation and/or running of a business licensed to do title insurance, failed to advise Robert N. Coyle, Sr. of any relevant fact, was aware that Robert N. Coyle, Sr. purportedly felt a stable family life and personal life was important with those he entered into business with or was in the process of obtaining a divorce.  Plaintiff is without sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth of the averments in Paragraph 17 concerning what Robert N. Coyle, Sr. wanted to know or did or did not know and the same is deemed denied.

18.     Admitted in part; denied in part.  It is admitted only that Plaintiff Tordini attended meetings regarding the purchase of Savings Abstract Company from Robert Foley.  It is specifically denied that Plaintiff Tordini lied to his superiors at Sun Bank or falsified his expense account records or ever admitted these non-existent falsities to

anyone and all averments of Paragraph 18, other than those expressly admitted, are denied.

19.     Admitted in part; denied in part.  It is admitted only that Savings Abstract Company had been doing mostly residential property transactions and not much commercial title business and that Plaintiff Tordini agreed with Defendant Robert N. Coyle, Sr. that Plaintiff could help build the commercial business.  Plaintiff is without sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth of the averment in Paragraph 19 concerning the counterclaiming Defendants' characterization of Savings Abstract as "small" or "well-regarded" and the same are deemed denied.

20.     Admitted in part; denied in part.  It is admitted only that Our Turn, LLC ultimately purchased the Savings Abstract Company and any other averment in Paragraph 20, other than that expressly admitted, is denied.  It is specifically denied that Plaintiff misrepresented any fact to Robert N. Coyle, Sr. or RNC Investments; on the contrary, they fraudulently induced Plaintiff Tordini to purchase securities and become a 25% owner of Our Turn and the Chief Operating Officer of Derivative Plaintiff Our Turn.

21.     Admitted in part; denied in part.  It is admitted only that Our Turn is a Pennsylvania limited liability company formed on or about September of 2000 and that on or about November 22, 2002 Tordini and RNC Investments, entered into an operating agreement and any averment in Paragraph 21, other than that expressly admitted, is denied.  Further, the referenced operating agreement is a writing which speaks for itself

and the counterclaiming Defendants' attempted characterization to mischaracterization thereof is denied.

22.    Admitted in part; denied in part.  It is admitted only that Plaintiff and Our Turn entered into an Employment agreement on or about November 22, 2000.  The referenced employment agreement is a writing which speaks for itself and the counterclaiming Defendants' characterization or mischaracterization thereof is denied.

23.    Denied.  The referenced Section 2(b) is from the Employment Agreement which is a writing that speaks and counterclaiming Defendants' characterization or mischaracterization thereof is strictly denied and any attempted further reproduction thereof needless and redundant.  Further, any alleged obligation accruing to Plaintiff Tordini as a party to the Employment Agreement is a conclusion of law to which no responsive pleading required.

24.    Admitted.

25.    Admitted in part; denied in part.  It is admitted on that First Republic Bank loaned monies to Our Turn in order to assistant Our Turn in purchasing Savings Abstract..  It is denied that First Republic Bank issued to Our Turn any single loan in the amount of $500,000.

26.    Denied.  It is specifically denied that a single loan for $500,000 was issued to Our Turn to assist in purchasing Savings Abstract and therefore, Plaintiff is without sufficient  knowledge or information, after reasonable investigation, to form a belief as to the truth of the averment concerning the counterclaiming Defendants' characterization of who guaranteed this loan.

27.    Denied.  Plaintiff is without sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth of the averment concerning any unidentified representations, and the averments in Paragraph 27 fail for sufficient specificity and the same are deemed denied

28.    Admitted in part; denied in part.  It is admitted only that Plaintiff recommended Lori Blee-Gonzalez as a qualified candidate for Our Turn's bookkeeping position and that Defendant Robert N. Coyle, Sr. expressly approved of and consented to the hiring of Mrs. Blee-Gonzalez.  Plaintiff is without sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth of the averment concerning what highly compensated employee Mrs. Blee-Gonzalez could replace as that person is not identified causing the averment to fail for sufficient specificity and the same is deemed denied.  All other averments in Paragraph 28, other than those expressly admitted, are denied.

29.    Admitted in part; denied in part.  It is admitted only that Mrs. Blee-Gonzalez began her employment with Our Turn at or around the company's formation and that Defendant Robert N. Coyle, Sr. expressly approved and consented to her hiring. It is specifically denied that Tordini was ever asked about or ever had to define his relationship with Blee-Gonzalez to Robert N. Coyle, Sr. and strict proof thereof is demanded at trial.  Plaintiff is without sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth of the averment in Paragraph 29 concerning what were Coyle's alleged concerns or alleged basis for business decision and the same are deemed denied.

30.    Denied.

7

31.    Denied.

32.    Admitted in part; denied in part.  It is admitted only that in the regular course of running the title business, lists of customer accounts were kept and at times produced for Our Turn executives, including Defendant Robert N. Coyle, Sr.  All the averments in Paragraph 32, other than that expressly admitted, are denied.

33.    Admitted in part; denied in part.  It is admitted only that Plaintiff did bring in commercial business to Our Turn.  All the averments of Paragraph 33, other than that expressly admitted, are denied.

34.    Denied.  Plaintiff is without sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth of this or any averment concerning the unexpressed subjective state of mind, especially those not grounded upon any fact, of Defendant Robert N. Coyle, Sr. and the same is deemed denied.

35.    Denied.  Plaintiff is sufficient without knowledge or information, after reasonable investigation, to form a belief as to the truth of any of the averments in Paragraph 35 and the same are deemed denied with strict proof thereof demanded at trial.

36.    Denied.  Plaintiff is without sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth of any averments in Paragraph 36 and the same is deemed denied with strict proof thereof demanded at trial.

37.    Admitted in part; denied in part.  It is admitted only that Plaintiff discussed the fact that he was separated from his wife with Robert N. Coyle, Sr. months after Plaintiff purchased the ownership interest in Our Turn.  The remaining averment of Paragraph 37, other than that expressly admitted, are denied with strict proof thereof demanded at trial.

38.     Denied.  Plaintiff is without knowledge or information, after reasonable investigation, to form a belief as to the truth of this or any averment concerning the unexpressed subjective state of mind of Defendant Robert N. Coyle, Sr., especially those not grounded upon any fact, of Defendant Robert N. Coyle, Sr., and the same is deemed denied with strict proof thereof demanded at trial.

39.     Admitted in part; denied in part.  It is admitted only that the signing authority  which had previously been given to Mrs. Gonzalez-Gonzalez by Our Turn, was,  at some time, removed by or at the direction of Defendant Robert N. Coyle, Sr., who  had  his  daughter,  Defendant  Linda  Coyle-Price,  assume  check  signing responsibilities.  Plaintiff is without sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth of the remaining averments of Paragraph 39, especially those dealing with subjective state of mind of Defendant Robert N. Coyle, Sr., and the same is deemed denied.

40.     Denied.  The counterclaiming Defendants' averment about Plaintiff's conduct surrounding fidelity insurance is a knowingly false allegation.  Further, the averments about gross negligence and willful misconduct are conclusions of law to which no  responsive  pleading  is  required.   Plaintiff  is  sufficient  without  knowledge  or information,  after  reasonable  investigation,  to  form  a  belief  as  to  the  truth  of  the remaining averments of Paragraph 40 and the same are deemed denied.

41.     Denied. The counterclaiming Defendants' averment about Plaintiff's conduct surrounding  fidelity  insurance  is  a  knowingly  false  allegation.   Plaintiff  is without sufficient knowledge or information, after reasonable investigation, to form a

belief as to the truth of all remaining averments of Paragraph 41 and the same are deemed denied.

42.    Denied.    It is specifically denied that Plaintiff was late paying bills, remitting payment to Our Turn's underwriters, could not balance the settlement accountant or failed in any responsibilities concerning health insurance.  The averred and alleged settlement is writing or would be captured in a writing which speaks or would speak for itself and the counterclaiming Defendants' attempted characterization or mischaracterization thereof is denied.  Plaintiff is without sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth of the remaining averments of Paragraph 42 and the same are deemed denied.

43.    Denied.  Plaintiff is without sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth of this or any averment which concerns what unidentified people allegedly told Robert N. Coyle, Sr. or the unexpressed subjective state of mind of Defendant Robert N. Coyle, Sr. which also causes the averment to fail for sufficient specificity and the same are deemed denied.

44.    Admitted in part; denied in part.  It is admitted only that Plaintiff was terminated on September 14, 2001 and that Mrs. Blee-Gonzalez was terminated on the same day.   All averments, other than that expressly admitted, are denied and would fail for sufficient specificity as well.

45.    Denied.  The counterclaiming Defendants' averments about Plaintiff's conduct surrounding fidelity insurance and the handling of Our Turn's funds are knowingly false allegations.  Plaintiff is without sufficient knowledge or information,

after reasonable investigation, to form a belief as to the truth of any remaining averment in Paragraph 45 and the same are deemed denied.

46.     Admitted in part; denied in part.  It is admitted only that Our Turn gave Mrs. Blee-Gonzalez a bonus to assist with increased closing costs relating to Mrs. Blee-Gonzalez and her husband's purchase of a new home.   All referenced documents are writings which speak for themselves and the counterclaiming Defendants' attempted characterization or mischaracterization thereof is denied. All averments of paragraph 46, other than that expressly admitted, are denied.

47.     Denied.

48.     Denied.     All referenced documents are writings which speak for themselves and Defendants' attempted characterization or mischaracterization thereof is denied and Plaintiff cannot assist in any authentication of the same, as the purported writing is not attached.   Accordingly, all the averments in Paragraph 48 are denied or deemed denied.

49.     Denied.   All referenced documents are writings which speak for themselves and Defendants' attempted characterization or mischaracterization thereof is denied and Plaintiff is without sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth of any of the remaining averments of Paragraph 49 and the same are deemed denied.

50.     Denied.     All referenced documents are writings which speak for themselves and Defendants' attempted characterization or mischaracterization thereof is denied.  further, the legal ramifications of the execution, if any, of the alleged document is a legal conclusion to which no responsive pleading is required. Plaintiff is without

sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth of the remaining averments of Paragraph 50 and the same are deemed denied.

51.     Denied.  It is specifically denied that Plaintiff misrepresented information regarding Mrs. Blee-Gonzalez.  All referenced documents, if existent, are writings which would speak for themselves and Defendants' attempted characterization or mischaracterization thereof is denied.    Plaintiff is without sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth of the remaining averments of Paragraph 51 and the same are deemed denied.

52.     Denied.  It is specifically denied that Plaintiff ever issued unauthorized Our Turn checks.  Further, all referenced documents, if existent, are writings which would speak for themselves and the counterclaiming Defendants' attempted characterization or mischaracterization thereof is denied. The averment also contains conclusions, or potential conclusions, of law about federal regulations to which no responsive pleading is required.  Plaintiff is without sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth of any remaining averment in Paragraph 52 and the same are deemed denied.

53.     Admitted in part; denied in part.  It is admitted only that Our Turn served as the title agent at Mrs. Blee-Gonzalez' closing on her and her husband's new home.  All averments within Paragraph 53, other than that expressly admitted, are denied.

54.     Denied.  It is specifically denied that Plaintiff, along with Mrs. Blee-Gonzalez ever hid or concealed any Our Turn transaction.  All referenced documents, if existent, are writings which speak for themselves and the counterclaiming Defendants' attempted characterization or mischaracterization thereof is denied.  Plaintiff is without

sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth of any remaining averments of Paragraph 54 and the same are deemed denied.

55.    Denied.

56.    Admitted in part; denied in part.  It is admitted only that Mrs. Gonzalez-Gonzalez was held to the same policies as any other Our Turn t/a Savings Abstract employee concerning the closing on her new residence.  All averments contained in Paragraph 56, other than that expressly admitted, are denied.

## COUNT I

57.    Plaintiff hereby incorporates by reference the answer to each and every previous paragraph of the counterclaim as if fully set forth herein.

58.    Admitted in part; denied in part.  It is admitted only that Plaintiff and RNC Investments entered into an Operating Agreement on or about November 22, 2000.  The referenced operating agreement is a writing which speaks for itself and the counterclaiming Defendants' attempted mischaracterization thereof is denied.  All averments contained in Paragraph 58, other than that expressly admitted, are denied.

59.    Admitted in part; denied in part.  It is admitted only that Plaintiff and Our Turn entered into an Employment Agreement on or about November 22, 2000.  The referenced employment agreement is a writing which speaks for itself and the counterclaiming Defendants' attempted mischaracterization thereof is denied.  All averments contained in Paragraph 59, other than that expressly admitted, are denied.

60.    Denied.  The counterclaiming Defendants' averment is a knowingly false allegation.

61.    Denied.  All averments, including the fabricated examples contained or marked as 61(a), 61(b), 61(c) and 61(d), are denied.  The counterclaiming Defendants' averment is a knowingly false allegation.

62.    Denied.  The counterclaiming Defendants' averment is a knowingly false allegation.

63.    Denied.   The counterclaiming Defendants' averment is a knowingly false allegation.

64.    Denied.  The counterclaiming Defendants' averment is a knowingly false allegation.

65.    Denied.    It  is  specifically  denied  that  Plaintiff  ever  made misrepresentations  or  omissions  of  material  fact.    Plaintiff  is  without  sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth of the remaining averments contained in Paragraph 65, including what Robert N. Coyle, Carol Coyle, RNC Investments would have done or not done if they knew or did not know certain alleged and fabricated scenarios and the same are deemed denied.

66.    Denied.    It  is  strictly  denied  that  Plaintiff  made  fraudulent misrepresentations or omissions of material fact.  Further, Defendants' averments about legal, proximate cause are conclusions of law to which no responsive pleading is required and the same is deemed denied.

67.    Denied.    It  is  strictly  denied  that  Plaintiff  made  fraudulent misrepresentations or omissions of material fact.  Further, Defendants' averments about

14

entitlement, damages and rescission are conclusions of law to which no responsive pleading is required and the same is deemed denied.

Wherefore, Plaintiff demands that this Court enter judgment against Defendant RNC Investments, Defendant Robert N. Coyle, Sr. and Defendant Carol Coyle on all claims and further, grant costs, fees, and such further relief as may be just and proper.

## COUNT II

68.    Plaintiff hereby incorporates by reference the answer to each and every previous paragraph of the counterclaim as if fully set forth herein.

69.    Denied.  Denied as a matter of law and as a legal conclusion to which no responsive pleading is required.

70.    Denied.  Denied as a matter of law and as a legal conclusion to which no responsive pleading is required.

71.    Denied.    The entire averment including those fabricated examples contained in 71(a), 71(b), 71(c), 71(d), 71(e) and 71(f) is specifically denied and denied as a legal conclusions to which no responsive pleading is required.

72.    Denied.  The averment is specifically denied and denied as a conclusion of law to which no responsive pleading is required.

Wherefore, Plaintiff demands that this Court enter judgment against Defendant RNC Investments, Defendant Robert N. Coyle, Sr. and Defendant Carol Coyle on all claims and further, grant costs, fees, and such further relief as may be just and proper.

## COUNT III

73.    Plaintiff hereby incorporates by reference the answer to each and every previous paragraph of the counterclaim as if fully set forth herein.

74.    Denied.  The counterclaiming Defendants' averment about contingency is a knowingly false allegation.  Further, the referenced documents are writing which speak for themselves and Defendants' attempted mischaracterization thereof is strictly denied.  Plaintiff is without sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth of any remaining averments contained Paragraph 74 and the same are deemed denied.

75.    Denied.    The referenced documents are writing which speak for themselves and Defendants' attempted mischaracterization thereof is strictly denied.  The averment also contains conclusions of law regarding consideration and conditions to which no responsive pleading is required and the same are deemed denied.  Accordingly, all averments in Paragraph 75 are denied or deemed denied.

76.    Denied.  The counterclaiming Defendants' averment is a knowingly false allegation and all specified, although fabricated, "examples" are denied.  Plaintiff is without sufficient knowledge or information, after reasonable investigation, to form a belief as to the truth of the portion of the averment concerning unspecified "other acts", which also fails to sufficient specificity, and the same are deemed denied.  Accordingly, all averments in Paragraph 75 are denied or deemed denied.

77.    Denied.  Denied as a conclusion of law to which no responsive pleading is required and the same is deemed denied.

78.    Denied and denied as containing conclusions of law to which no responsive pleading is required and the same are deemed denied.

79.    Denied and denied as conclusions of law to which no responsive pleading is required and the same are deemed denied.

Wherefore, Plaintiff demands that this Court enter judgment against Defendant RNC Investments, Defendant Robert N. Coyle, Sr. and Defendant Carol Coyle on all claims and further, grant costs, fees, and such further relief as may be just and proper.

## COUNT IV

80.    Plaintiff hereby incorporates by reference the answer to each and every previous paragraph of the counterclaim as if fully set forth herein.

81.    Admitted in part; denied in part.  It is admitted only that Plaintiff Tordini executed a note contemplated by his Employment Agreement.  The referenced document is writing which speak for itself and Defendants' attempted characterization or mischaracterization thereof is strictly denied.  All averments contained in Paragraph 81, other than that expressly admitted, are denied.

82.    Denied.  The referenced document is writing which speak for itself and Defendants' attempted characterization or mischaracterization thereof is strictly denied.

83.    Denied.  The referenced document is writing which speak for itself and Defendants' attempted characterization or mischaracterization thereof is strictly denied.

84.    Denied.  The referenced document is writing which speak for itself and Defendants' attempted characterization or mischaracterization thereof is strictly denied.

85.    Denied.  The referenced document is writing which speak for itself and Defendants' attempted characterization or mischaracterization thereof is strictly denied.

86.    Denied.

Wherefore, Plaintiff demands that this Court enter judgment against Defendant RNC Investments on all claims and further, grant costs, fees, and such further relief as may be just and proper.

## **AFFIRMATIVE DEFENSES**

87.    Counterclaiming Defendants' claims fail, independently and/or together, to state a cause of action upon which relief may be granted, mandating dismissal of each claim.

88.    Any alleged misrepresentation or non-disclosure was not material.

89.    Counterclaiming Defendants' claims, independently and/or together, are barred by their unclean hands, including, but not limited to, their breaches of fiduciary duty and tortious misconduct and their conspiracy to commit the same, their breaches of their duty of good faith and fair dealing, their fraudulent misrepresentations and non-disclosures and their negligent misrepresentations, as further plead in Plaintiff's Complaint.

90.    The Counterclaiming Defendants have not suffered damages.   To the contrary, the Defendants' misconduct caused all harm to Defendants, if any, as well as the damages to Plaintiff as further plead in Plaintiff's Complaint.

91.    The Counterclaiming Defendants have failed to mitigate damages, if any.

92.    The Counterclaiming Defendants, together and/or independently, may not seek double recovery on identical causes of action arising from the same purported factual scenarios in both state and federal courts and because the Counterclaiming Defendants first sought relief in the Court of Common Pleas, Commonwealth of Pennsylvania, Civil Action Number 002817 and September Term 2001, this Court in deference to controlling principles of comity and judicial economy should refrain from exercising jurisdiction over the counterclaims, thereby dismissing the same.

93.    The Counterclaiming Defendants' one claim not identically brought in their prior pending state action (Count IV) was, nonetheless, subject to mandatory joinder in the prior pending Philadelphia Court of Common Pleas and must, as a matter of law, be brought in that court or will be deemed waived thereby rendering this Court's initial jurisdiction impractical and mandates dismissal of the same.   Indeed, the Defendants admitted further that these claims must be brought in the State Court after the same claim was dismissed in the Superior Court of New Jersey.

94.    The Counterclaiming Defendants, together or independently, lack the jurisdictional damage requirement to bring any of the claims in federal court.

95.    The Counterclaiming Defendants' claims, together and independently, and the Defendants' defenses, particularly their defense to Plaintiff's claim under Section 10(b) of the Exchange Act and Rule 10(b)(5), are barred by the operation of judicial estoppel whereby in other actions and proceedings, Defendants, together and/or independently, have given sworn testimony which judicially admits that Plaintiff Tordini was a passive investor when he purchased securities in derivative Plaintiff Our Turn, which interest is a security under Section 10(b) of the Exchange Act and section 401 of the Pennsylvania Securities Act,  and that Tordini purchased those securities with valid and variable consideration.

96.    The Counterclaiming Defendants, together and/or independently, lack standing to bring the their claims against Plaintiff Tordini, including but not limited to, Defendant Robert N. Coyle, Sr.'s lack of standing on Count I, Count II and Count III, Defendant Carol Coyle's lack of standing on Count I, Count II and Count III and Defendant RNC Investments, LLC's lack of standing on Count II.

97.     The Counterclaiming Defendants list "the Coyle Family Irrevocable Trust" as a named Counterclaiming Defendant in their caption but fail to identify the Trust as a party under the section "Parties" and do not aver the Coyle Family Irrevocable Trust as a "Counterclaim-Plaintiff" in any of the four independent Counts; thereby, Defendant the Coyle family Irrevocable Trust, as matter of law and procedure, is not a Counterclaiming Defendant or "Counterclaim-Plaintiff" and must be struck from the caption and otherwise dismissed.

98.     The Counterclaim, in its entirety or in part, is deficient as a matter of law and procedure as the pleading alleges four (4) completely unidentified, but repetitive-type, Counts, none of which properly or sufficiently explain to or give notice to Plaintiff Tordini concerning what cause of action the Counterclaiming Defendants purport to allege which renders all Counterclaims legally deficient as not sufficiently specific and violates Plaintiff's due process rights mandating the immediate dismissal of all Counterclaims.

99.     The Counterclaiming Defendants' claims, in whole or part, are barred and/or waived by the doctrine of consent.

100.     The Counterclaiming Defendants' claims, in whole or part, are barred and/or waived by the doctrine of waiver.

101.     The Counterclaiming Defendants' claims, in whole or part, are barred and/or waived by the doctrine of apparent authority.

102.     The Counterclaiming Defendants' claims, in whole or part, are barred and/or waived by the doctrine of knowledge and implied consent.

103.    The Counterclaiming Defendants' claims, in whole or part, are barred and/or waived by the doctrine of satisfaction and/or partial satisfaction.

104.    The Counterclaiming Defendants' claims, in whole or part, are barred and/or waived by the doctrine of release.

105.    The Counterclaiming Defendants' claims, in whole or part, are barred and/or waived by the statute of limitations and/or the doctrine of laches.

**WHEREFORE,** Plaintiff seeks the entry of an order dismissing all four counts of the Counterclaim along with costs, attorneys fees, and, if warranted, a trial by jury, and such other relief as this Court deems just and proper.

## <u>TRIAL BY JURY</u>

Plaintiff demands a trial by jury on any and all counts of the Counterclaim not dismissed.

                                                          Respectfully submitted,

OF COUNSEL:

ELLIOTT REIHNER SIEDZIKOWSKI
   & EGAN, P.C.                    /s/ Mark A. Kearney
                                   JOHN M.  ELLIOTT
                                   MARK A. KEARNEY
                                   THOMAS N. SWEENEY
                                   ROGER J. HARRINGTON
                                   Union Meeting Corporate Center V
                                   925 Harvest Drive, Suite 300
                                   P.O. Box 3010
                                   Blue Bell, PA  19422
                                   (215) 977-1000

DATED:  July 17, 2002

## <u>CERTIFICATE OF SERVICE</u>

I, Roger J. Harrington, Jr. Esquire, hereby certify that on this 16 day of July 2002, I

served a true and correct copy of the foregoing upon the following in the manner set forth:

### <u>VIA FIRST CLASS MAIL</u>

Anthony Valenti
Cureton Caplan
950B Chester Ave.
Delran, NJ 08075

Steven J. Jozwiak, Esquire
Counselor at Law
2201 Route 38
Suite 200
Cherry Hill, PA 08002

_____
ROGER J. HARRINGTON, JR.