UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN TORDINI,**<br>*Individually and Derivatively*<br>*On behalf of Our Turn LLC,*<br><br>     **Plaintiff,**<br><br>  v.<br><br>**ROBERT N. COYLE, et.al.,**<br><br>     **Defendants.** | C.A. No. 02-2653<br>**JURY TRIAL DEMANDED** |

# O R D E R

**AND NOW**, this _____ day of July 2002, upon consideration of the Plaintiff's Motion to Compel the Coyle Family Defendants to (1) Produce Documents Ordered to be Produced "Forthwith" on July 12, 2002; to (2) Appear for their Court-Ordered Depositions; and (3) Answer Interrogatories;

**IT** is hereby **ORDERED, ADJUDGED AND DECREED** that Plaintiff's Motion is **GRANTED AS FOLLOWS:**

  1. As this Court ordered on July 12, 2002, the Coyle Family Defendants shall immediately produce all documents, other than those to which a valid privilege is asserted. Failure to immediately comply with this Second Order compelling the production of documents may result, upon motion, in sanctions, including striking of affirmative defenses and award of counsel fees and costs.

  2. Each of the Coyle Family Defendants shall provide full and complete responses to Plaintiff's Interrogatory Nos. 6-9 forthwith.

mak: 53161.1

3. The Coyle Defendants shall appear for their noticed depositions during the discovery period set by this Court's May 6, 2002, May 28, 2002, July 3, 2002 and July 25, 2002 Orders.

                                                                                        _____
KATZ, S. J.
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN TORDINI,**<br>*Individually and Derivatively*<br>On behalf of Our Turn LLC,<br><br>                  **Plaintiff,**<br><br>      v.<br><br>**ROBERT N. COYLE, et.al.,**<br><br>                  **Defendants.** | :<br>:<br>:<br>:<br>:    C.A. No. 02-2653<br>:    **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S MOTION TO COMPEL THE COYLE FAMILY DEFENDANTS TO:
(1) PRODUCE DOCUMENTS ORDERED TO BE PRODUCED ON JULY 12, 2002;
(2) APPEAR FOR DEPOSITION BEFORE THE DISCOVERY CLOSE;
AND (3) ANSWER INTERROGATORIES**

To obstruct judicial scrutiny of their ongoing Ponzi scheme fully detailed in the Complaint and in Plaintiff's July 25, 2002 Expert Report of Howard Braitman CPA attached hereto at Exhibit "A", the Coyle Family Defendants have repeatedly ignored this Court's Orders, delayed discovery, and refuse to obey this Court's multiple orders setting pre-trial deadlines. From the outset of this case, the Coyle Family Defendants have sought delay, and this Court has properly rejected three (3) motions by the Coyle Family Defendants to delay and extend the deadlines properly set by this Court. Now, the Coyle Family Defendants violate this Court's May 6, 2002, May 28, 2002, July 3, 2002 and July 25, 2002 Orders in the hope that their unilaterally contrived delay will create a phony impression of an exigency at the July 30, 2002 pre-trial conference that will wrongly result in an extension of time and trial dates already relied upon by all parties, and affirmed by the Court in multiple Orders. As demonstrated herein, all

mak: 53161.1

delay in this case has been created by the Coyle Defendants, who desperately fail to participate in discovery of their ongoing Ponzi scheme destroying Our Turn LLC:

1. This Court's May 6, 2002, May 28, 2002, July 3, 2002 and July 25, 2002 Orders made crystal clear to the Defendants that they must participate in discovery, and that discovery must close on July 31, 2002, with expert reports exchanged on July 25, 2002, and pre-trial briefing beginning on August 9, with the case properly entering the trial pool on September 4, 2002. This Court's multiple Orders addressing these same issues arise because the Coyle Defendants repeatedly move for extensions, rather than participate in discovery, first noticed in May and the first week of June, 2002.

2. The Coyle Defendants refused to participate in discovery until mid-July 2002, following this Court's July 12, 2002 Order requiring, inter alia: "Compliance with May 17, 2002 requests for production of documents shall be completed **forthwith,** subject to claims of privilege or protection of trial preparation materials complying with Rule 26 (b)(5)."

3. This Court's July 12 2002 Order further required that "[e]ach of the depositions of the parties in the offices of their respective counsel commencing with plaintiff's deposition shall proceed for a maximum of two hours starting three business days from the date of this Order".

**A.     The Coyle Defendants Refuse to Produce Court-Ordered Documents.**

4. The Coyle Defendants waited six days to produce documents "forthwith". On July 18, 2002, the Coyle Defendants produced boxes of real estate transactions and property files. No financial information was produced.

5. On July 19, 2002, Plaintiff attempted to amicably resolve this issue by asking that all responsive documents be produced. See Attorney Kearney's July 19, 2002 and July 23, 2002 letters, Exhibit "B" hereto.

6.       Almost a week later, on July 25, 2002, the Coyle Family Defendants advised, in violation of this Court's July 12, 2002 Order, that **they will not produce**: the financial documents of the individual defendants; any indebtedness owed by the Defendants; and, would not produce records of funds owed to lenders. See Attorney Hunt's July 25, 2002 letter, Exhibit "C" hereto.

7.       The Coyle Family Defendants' violations of this Court's Orders must cease. Their objections are meritless. Plaintiff seeks equitable relief and compensatory and punitive damages arising from, inter alia, a Ponzi scheme inducing over $10 Million in loans through fraudulent insider appraisals of real estate collateral[1], followed by fraudulent financial statements which create millions of dollars in phony paper profits by secretly transferring the properties among the Coyle Family Defendants without disclosure to the secured lenders[2], and then sales of the collateral among the defendants at inflated values to induce additional banks to lend funds. See generally, Plaintiff's July 25, 2002 Expert Report of Howard Braitman, CPA, Exhibit "A" hereto.  By Spring 2000, the Coyle Family Defendants sought to purchase a title insurance company to further their Ponzi scheme, and fraudulently induced Plaintiff to purchase securities in Our Turn. Id.  By May 2001, the Coyle Family Defendants were in an ongoing pattern of destroying Our Turn to fund their fraudulently induced loans for the Coyle Family Defendants. Id.

8.       As is evident from the Ponzi scheme, each Defendant's financial records since January 1, 1999 are discoverable.

---

[1] The "independent" appraiser does not disclose to any lender that he has borrowed at least $10,000 from Defendant RNC Investments, and still owes this money when he appraises the Coyle Family Defendants' properties for refinancing. See Exhibit "A" hereto.

[2] Alliance Bank, a lender of almost $4.3 Million to the Coyle Family Defendants, was never told that its real estate collateral for its loans had been sold to non-borrower Defendants, nor that the Coyle Family Defendants immediately sold many of the pledged properties to third parties within weeks of the fraudulent appraisal at values less than 60% of the phony appraised values given to the lenders. Id.

9.  This Court's July 12, 2002 Order required the production of these records.

10. However, to contrive a delay, and avoid further scrutiny of the ongoing scheme, the Coyle Family Defendants refuse to produce this core discovery, hoping that this Court will change its mind regarding the deadlines set in multiple Orders.

**B.  The Coyle Family Defendants Refuse to Produce Witnesses or Produce Expert Reports until after the Close of Discovery**

11. On June 6, 2002, Plaintiff noticed the depositions of the first series of Defendants, including lead Defendant, and the admitted control person of all Defendants, Robert N. Coyle, Sr.

12. The Coyle Family Defendants refused to produce a witness for deposition until after the Court's July 12, 2002 Order.

13. Thereafter, the Coyle Family Defendants only agreed to produce Defendants Vernon Coyle, Carol Coyle and Linda Coyle. The Coyle Family Defendants wrongly violate this Court's Orders by refusing to produce any Rule 30(b)(6) designee for testimony.

14. Compounding their contrived delay, the Coyle Family Defendants now also refuse to produce lead Defendant Robert N. Coyle, Sr. until August, although he is clearly available, and attends every deposition.

15. Instead of producing their witnesses, the Coyle Family Defendants harass Plaintiff's aged and infirm parents with subpoenas for their testimony, and seek discovery of attorney work product from Plaintiff's law firm's employees and agents[3].

---

[3] This Court's July 11, 2002 Order permitted the Coyle Family Defendants to depose a forensic financial analyst employee of Plaintiff's law firm, Elliott Reihner Siedzikowski & Egan PC, James W. McStravick, to be deposed on his background, and not on work product or privilege issues. Mr. McStravick is not designated as an expert in this case, and any knowledge of any facts related to this case arises from his work product at the direction of Plaintiff's lawyers. Following the Court's July 11, 2002 Order, all parties agreed that Mr. McStravick would be deposed on July 26, 2002; however, on July 25, 2002, the Coyle Family Defendants cancelled the deposition, claiming that they would take it in August 2002 -- after the discovery deadline. The Coyle Family Defendants have now served a Rule 30(b)(6) notice of deposition upon Plaintiff's law firm seeking to depose the persons providing the work product for

16. Violating this Court's May 6, 2002 Order, the Coyle Family Defendants refuse to produce any expert report, and have brazenly advised this Court and Plaintiff that they will not do so, despite this Court's July 25, 2002 denial of their motion to extend the deadlines for expert reports. Plaintiff has now complied with the May 6, 2002 Order and produced his expert reports, and is preparing for the August 9, 2002 dispositive motions, and entry into the trial pool on September 4, 2002.

C.  **The Coyle Family Defendants Refuse to Answer Interrogatories**

17. Similar to their refusal to produce documents relating to their financial affairs – the central issue in this case – the Coyle Family Defendants objected and refused to answer 16 of 17 interrogatories. See Exhibit "D". The most pertinent discovery includes:

   a.  services provided to the other Defendants (No. 7)
   b.  account numbers and banks for all accounts into which the Defendants deposit funds (No. 8)
   c.  debt owed in excess of $10,000 owed by, or to, Defendants (No.9).

18. On July 23, 2002, Plaintiff asked the Coyle Family Defendants to supplement their responses to the Interrogatories. See Exhibit "E" hereto. No response has been received from the Coyle Family Defendants.

**WHEREFORE**, Plaintiff respectfully moves this Court, once again, to enforce its July 12, 2002 Order and immediately compel the Coyle Family Defendants to produce all documents responsive to the May 17, 2002 Request for Production of Documents "forthwith."; produce witnesses for deposition by July 31, 2002; and, answer interrogatories.

---

the case, including photographs of properties. This improper discovery request seeking only Plaintiff's work product must be quashed.

                                      Respectfully submitted,

OF COUNSEL:
ELLIOTT REIHNER SIEDZIKOWSKI
  & EGAN, P.C.                          /s/ Mark A. Kearney
                                          JOHN M. ELLIOTT
                                          MARK A. KEARNEY
                                          THOMAS N. SWEENEY
                                          ROGER J. HARRINGTON, JR.
                                          Union Meeting Corporate Center V
                                          925 Harvest Drive, Suite 300
                                          Blue Bell, PA  19422
                                          (215) 977-1000
DATE:  July 25, 2002              Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Mark A. Kearney, Esquire, hereby certify that on this 25th day of July 2002, I served a true and correct copy of the foregoing upon the following in the manner set forth:

**Via Facsimile and First Class Mail**

Anthony Valenti, Esquire
Cureton Caplan
950B Chester Ave.
Delran, NJ 08075

Steven J. Jozwiak, Esquire
2201 Route 38
Suite 200
Cherry Hill, NJ   08002


/s/ Mark A. Kearney
MARK A. KEARNEY

mak: 53161.1

2

**CERTIFICATION PURSUANT TO LOCAL RULE 26.1(f)**

I certify that, after reasonable efforts, including the letters attached hereto as Exhibits B, C and D, the parties are unable to resolve the dispute regarding the Coyle Family Defendants' compliance with discovery requests and this Court's July 12, 2002 Order.

                                                     /s/ Mark A. Kearney
                                                    MARK A. KEARNEY
                                                    Counsel for Plaintiff

mak: 53161.1